IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**ANTONIO DEES**                                                                              **PLAINTIFF**

**V.**                                              **CIVIL ACTION NO. 3:21CV69 HTW-LGI**

**NURSE STRONG, DR. MATINEZ,
JOHN DOES, OFFICER ROSARIO,
AND LIEUTENANT JONES**                                                    **DEFENDANTS**

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

Antonio Dees files the instant action pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971) against Federal Bureau of Prison ("BOP") employees, Defendants Nurse Strong, Dr. Martinez, John Does, Officer Rosario, and Lieutenant Jones. Dees seeks monetary damages for various medical and conditions of confinement claims arising from his incarceration at the Federal Correctional Complex in Yazoo City, Mississippi, ("FCC-Yazoo"). Defendants contend that dismissal is warranted pursuant to Fed. R. Civ. P. 12(b)(6), for lack of exhaustion. Having considered the submissions of the parties and the applicable law, the undersigned recommends as follows.

**STANDARD OF REVIEW**

Because the Defendants have submitted matters outside the pleadings with their motion to dismiss, the motion should be characterized as a motion for summary judgment. *Young v. Bigger*s, 938 F.2d 565, 568 (5th Cir. 1991). Summary judgment is appropriate only when the moving party can demonstrate that "there is no genuine

dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute is genuine if the evidence is such that a reasonable jury could return a verdict for the non-movant. *Nickell v. Beau View of Biloxi, L.L.C.*, 636 F.3d 752, 754 (5th Cir. 2011) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986)). A fact is material if its resolution in favor of one party might affect the outcome of the case. *Anderson*, 477 U.S. at 248. The evidence and any inferences therefrom are viewed in the light most favorable to the non-movant. *First Colony Life Ins. Co. v. Sanford*, 555 F.3d 177, 180 (5th Cir. 2009).

## DISCUSSION

In *Bivens,* the United States Supreme Court recognized a cause of action for monetary relief for constitutional violations by federal officials as the counterpart for actions brought against state officials pursuant to 42 U.S.C. § 1983. *Bivens*, 403 U.S. at 389–98. Unlike § 1983, *Bivens* is not a Congressional statute that "entitles an injured person to money damages if a state official violates his or her constitutional rights." *Ziglar v. Abbasi*,—U.S.— 137 S. Ct. 1843, 1854, 198 L. Ed. 2d 290 (2017). It is a judicially created remedy. Since its creation, the Supreme Court has only extended *Bivens* beyond the deprivation of Fourth Amendment rights on two occasions: for violations of the Fifth Amendment Due Process Clause for gender discrimination, *Davis v. Passman*, 442 U.S. 228, 99 S. Ct. 2264, 60 L. Ed. 2d 846 (1979), and for violations of the Eighth Amendment prohibition against cruel and unusual punishment for a deceased prisoner deprived of medical attention by officials who knew of his serious medical condition, *Carlson v. Green*, 446 U.S. 14, 100 S. Ct. 1468, 64 L. Ed. 2d 15 (1980).

"These three cases—*Bivens*, *Davis*, and *Carlson*—represent the only instances in which the Court has approved of an implied damages remedy under the Constitution itself." *Ziglar*, 137 S. Ct. at 1855. In the decades since, "the Court has made clear that expanding the *Bivens* remedy is now a disfavored judicial activity." *Id.* at 1865–69 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)). The Supreme Court has even "gone so far as to observe that if the Court's three *Bivens* cases [had] been . . . decided today, it is doubtful that [it] would have reached the same result." *Hernandez v. Mesa*, — U.S.— 140 S. Ct. 735, 206 L. Ed. 2d 29 (2020) (internal quotation marks omitted) ("for almost 40 years, we have consistently rebuffed requests to add to the claims allowed under *Bivens*"). The rationale being that "Congress is best positioned to evaluate whether, and the extent to which, monetary and other liabilities should be imposed upon individual officers and employees of the Federal Government based on constitutional torts." *Id.* (internal quotation marks omitted).

Accordingly, lower courts should conduct a two-part inquiry to determine whether a *Bivens* remedy should be extended: (1) whether the *Bivens* claim represents a new context, and if so, (2) whether there are any existing remedial processes for addressing the alleged harm or other special factors counseling hesitation against extending *Bivens*. *Oliva v. Nivar*, 973 F.3d 438, 441–42 (5th Cir. 2020), *cert. denied,* 141 S. Ct. 2669, 210 L. Ed. 2d 832 (2021), *reh'g denied,* 141 S. Ct. 2886, 210 L. Ed. 2d 1000 (2021); *Cantu v. Moody*, 933 F.3d 414, 422 (5th Cir. 2019)); *Rroku v. Cole*, 726 F. App'x 201, 205 (5th Cir. 2018) (citing *Butts v. Martin*, 877 F.3d 571, 587 (5th Cir. 2017)). "[I]f there is an

alternative remedial structure present in a certain case, that alone may limit the power of the Judiciary to infer a new *Bivens* cause of action." *Ziglar*, 137 S. Ct. at 1858.

Relevant here, Defendants note that Dees has yet to avail himself of an alternative remedial structure by seeking relief through the Bureau of Prisons Administrative Remedy Program, which permits "inmate[s] to seek formal review of an issue relating to any aspect of his/her own confinement." 28 C.F.R. § 542.10(a). [1] In support, Defendants submit Plaintiff's administrative history and an affidavit from Michael FiggsGanter, an Attorney Advisor at FCC Yazoo with access to and knowledge of "SENTRY"— a computer records system that tracks an inmate's use of the BOP's administrative remedies program. A search of Plaintiff's administrative remedies history reveals that he has failed to file any administrative remedies related to the assertions contained in his complaint before filing the instant action. The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997(e), provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative

---

[1] 28 C.F.R. § 542.10–542.19 establishes a four-step BOP administrative remedy process for inmates seeking formal review of issues relating to their confinement. An inmate must first file a BP-8 form requesting informal resolution. If this is unsuccessful, the inmate must submit a formal written Administrative Remedy Request directly to the Warden through a BP-9 form within 20 days after the basis for the grievance occurred. Within 20 calendar days of the Warden's response, the inmate may appeal to the Regional Director by filing a BP-10 form. If not satisfied with the Regional Director's response, the inmate may appeal by submitting a BP-11 form to the General Counsel within 30 days. Upon completing this multiple-tiered review process, the inmate has exhausted his administrative remedies.

remedies as are available are exhausted." *See Schipke v. Van Buren*, 239 F. App'x 85, 86 (5th Cir. 2007) (exhaustion requirements applies to *Bivens* actions).

It is well-settled, however, that when "the available administrative remedies either are unavailable or wholly inappropriate to the relief sought, or where the attempt to exhaust such remedies would itself be a patently futile course of action," an inmate need not exhaust administrative remedies. *Gallegos-Hernandez v. United States*, 688 F.3d 190, 194 (5th Cir. 2012) (quoting *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994)). "Exceptions to the exhaustion requirement apply only in 'extraordinary circumstances,'" i.e, where the administrative remedies are rendered unavailable, and the "[petitioner] bears the burden of demonstrating the futility of administrative review." *Schipke*, 239 F. App'x at 86 (quoting *Fuller*, 11 F.3d at 62). If an inmate demonstrates an applicable exception to the exhaustion requirement, the inmate may obtain a ruling on the merits despite a lack of exhaustion.

Here, Plaintiff has not shown or even alleged that administrative remedies were rendered unavailable to him, or that extraordinary circumstances warrant an exception to the exhaustion requirement. *See Fuller*, 11 F.3d at 62. Accordingly, Defendants are entitled to summary judgment based on Plaintiff's failure to exhaust administrative remedies.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to Rule 72(a)(3) of the Local Uniform Civil Rules of the United States District Courts for the Northern District of Mississippi and the Southern District of Mississippi, any party may serve and file written objections within 14 days after being

served with a copy of this Report and Recommendation. Within 7 days of the service of the objection, the opposing party must either serve and file a response or notify the District Judge that he or she does not intend to respond to the objection.

The parties are hereby notified that failure to file timely written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation, shall bar that party from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, except upon grounds of plain error. 28 U.S.C. § 636, Fed. R. Civ. P. 72(b) (as amended, effective December 1, 2009); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996).

Respectfully submitted on November 4, 2022.

s/ LaKeysha Greer Isaac  
UNITED STATES MAGISTRATE JUDGE